## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **LAMAR CASLEBERRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:23-CV-00168-CAR-CHW** |
| | : | |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Lamar Casleberry, an inmate in the Baldwin State Prison in Hardwick, Georgia, has submitted a certified copy of his prison trust fund account information (ECF No. 7). Plaintiff has also filed a motion for appointed counsel (ECF No. 5). For the following reasons, Plaintiff's motion for appointed counsel is **DENIED**, but he shall be permitted to proceed *in forma pauperis* and is required to pay an initial partial filing fee in this matter.

## MOTION TO APPOINT COUNSEL

Plaintiff has first filed a motion for appointed counsel (ECF No. 5). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the

issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]  But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court."  *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has also filed a certified copy of his prison trust fund account information (ECF No. 7).  A review of Plaintiff's submissions demonstrates that Plaintiff is presently unable to pay the cost of commencing this action.   Plaintiff shall therefore be permitted to proceed *in forma pauperis* in this action.   Even if a prisoner is allowed to proceed *in forma pauperis*, however, he must still pay the full amount of the $350.00 filing fee in

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). A review of Plaintiff's prison trust fund account certification shows an average monthly balance of $71.67 over the last six months. Attach. 1 to Mot. Proceed IFP 1, ECF No. 7-1. Twenty percent of $71.67 is $14.33. Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $14.33.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.     Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the

$350.00 filing fee has been paid in full.  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.    <u>Plaintiff's Obligations on Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $14.33.  If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to

4

proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for appointed counsel (ECF No. 5) is **DENIED**, but he shall be permitted leave to proceed *in forma pauperis* in this action. Plaintiff must, however, pay an initial partial filing fee of $14.33 (or file a renewed motion for leave to proceed *in forma pauperis*) within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee.  Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order.   Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.  **Failure to comply, fully and timely, with this Order will likely result in the dismissal of Plaintiff's Complaint.**   Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address.   There shall be no service of process until further order of the Court.

**SO ORDERED**, this 7th day of July, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

5