**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **LAMAR CASLEBERRY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:23-CV-00168-CAR-CHW |
| | : | |
| **GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Presently pending before the Court is a motion filed by *pro se* Plaintiff Lamar Casleberry, an inmate in the Baldwin State Prison in Hardwick, Georgia, requesting that the Court order Georgia Department of Corrections officials to deduct the initial partial filing fee in this case from Plaintiff's prison trust fund account (ECF No. 9). In his motion, Plaintiff alleges he has requested assistance with this issue on multiple occasions, but he has been met with resistance and retaliation.[1] The Court also notes that the Clerk mailed a copy of the order directing Plaintiff to pay the initial partial filing fee to the business manager of the prison. Accordingly, the Court will waive the requirement that it receive

---

[1] The Court will not construe this document as a motion to amend the Complaint to add any retaliation claims in this case. If Plaintiff wishes to amend his Complaint, he must do so pursuant to Federal Rule of Civil Procedure 15 and ensure that all Defendants are properly joined under Federal Rule of Civil Procedure 20(a)(2) by establishing that he is asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "any question of law or fact common to all defendants will arise in the action."

Plaintiff's initial partial filing fee before further processing of this case. Plaintiff is reminded, however, that he is required to pay the entire $350.00 filing fee in full in installments and that collection of monthly installment payments from Plaintiff's prison trust fund account shall continue until the entire fee is collected. The Clerk may terminate the motion at ECF No. 9 as moot.

Plaintiff's Complaint is now ripe for screening pursuant to 28 U.S.C. § 1915A and § 1915(e). Having conducted such screening, the Court finds Plaintiff's claims that Defendants Ekwinife and Akunwanne were deliberately indifferent to Plaintiff's serious medical needs shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal

quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in

3

support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations

Plaintiff's claims arise from his incarceration at the Baldwin State Prison ("BSP"), beginning in November of 2021 and continuing to the present. Compl. 5, ECF No. 1. Plaintiff suffers from a condition that causes polyps to grow in his nasal cavities. *Id.* Plaintiff underwent surgery to remove these polyps in July 2021, and his ENT surgeon, Dr. Reyes, prescribed medications to prevent the polyps' regrowth. *Id.* But when Plaintiff returned to BSP, Defendant Ekwinife, a prison physician, "refused to order all [Plaintiff's] medications because he claimed to disagree with [Plaintiff] needing all of them." *Id.*

When Plaintiff returned to Dr. Reyes for follow-up, Dr. Reyes observed that Plaintiff "wasn't receiving the medications like [he] was supposed to so the polyps were growing back and [Plaintiff would] need another surgery." *Id.* Dr. Reyes contacted an unspecified individual at BSP to reiterate the need for the medication, but Plaintiff was still not given all the prescribed medication. *Id.* Plaintiff was also instructed to sign a contract that would require him to self-medicate, but Plaintiff "refused because the contract agreed to hold med staff and officers harmless in case of any death or injury arising directly or indirectly from the contract." *Id.*

In July of 2022, Defendant Ekwinife discontinued Plaintiff's polyp medications altogether. Compl. 7, ECF No. 1. When Plaintiff filed a grievance concerning this issue on or about July 27, 2022, Defendant Ekwinife reinstated the medications after "claiming he never discontinued them." *Id.* On July 28, 2022, Plaintiff saw Defendant Akunwanne,

4

another prison physician, who allegedly claimed that the prison pharmacy could not provide Plaintiff with one of his medications because they could not formulate it as prescribed.  *Id.*  Plaintiff, however, states he had received that particular formulation before.  *Id.*  When Plaintiff again visited Dr. Reyes in August or September of 2022, Dr. Reyes confirmed that the prison pharmacy could prescribe the medication in that manner and emailed an unspecified individual at BSP concerning the medication.  *Id.*

When Plaintiff returned from his visit with Dr. Reyes, he received his medication in the proper formulation, but it was taken from Plaintiff the next day.  Compl. 7, ECF No. 1.  According to Plaintiff, Defendant Akunwanne overrode Dr. Reyes' prescription and directed prison medical staff to provide the medication by nebulizer, which prevented Plaintiff from applying the medication to the affected area.  *Id.*  Plaintiff also alleges that Defendant Akunwanne has "repeatedly barred" Plaintiff from receiving his medication because Defendant Akunwanne either refuses to schedule Plaintiff for the treatments or directs his subordinates to refuse Plaintiff's requests for the medication.  *Id.*

Due to Defendants' actions, Plaintiff contends he has received his daily prescription approximately 45 times since September or October of 2022 and his weekly prescription approximately 10 times in that same time frame.  Compl. 7, ECF No. 1.  As a result, Plaintiff's polyps have now spread behind his eye and are affecting his ears.  *Id.*  Plaintiff experiences "throbbing headaches," and he has "had mucus and pink fluid leak out under [his] left eye."  *Id.*  Plaintiff states that Dr. Reyes advised him "that when left unchecked and untreated, polyps can cause ear, eye, and brain infections."  *Id.* at 8.

Plaintiff also contends that he was poisoned in September 2021, which "caused several complications and irregularities in [his] 'nether regions.'" Compl. 8, ECF No. 1. These issues required him to get a catheter, and he experienced pain and dermatitis. *Id.* In April of 2022, a nurse practitioner prescribed Plaintiff with a 6-week treatment for these issues. *Id.* Four weeks into the treatment, however, Defendant Ekwinife discontinued treatment and advised Plaintiff that he would schedule him to see the dermatologist in two months. *Id.* After the two months expired, however, Defendant Ekwinife failed to schedule Plaintiff's dermatology appointment, "feigned ignorance" regarding Plaintiff's condition, and told Plaintiff he would follow up with him in another two months. *Id.* Plaintiff alleges Defendant Ekwinife "continued this issue of pattern behavior—setting [Plaintiff] off 2 and 3 months, saying he didn't see an issue one day, then saying he did and would see [Plaintiff] in two months, ignoring [Plaintiff's] pain and rapidly evolving issues." *Id.* On July 28, 2022, Defendant Akunwanne saw Plaintiff and said "he didn't see a dermatitis issue then saying he did but it's not a problem, that the dermatologist wouldn't approve of the visit." *Id.* In March of 2023, another practitioner saw Plaintiff, observed the affected area, and "immediately referred [Plaintiff] to the dermatologist." *Id.* The dermatologist treated the skin issue and referred Plaintiff to a urologist for treatment of the pain Plaintiff was still experiencing. *Id.* The urologist advised Plaintiff that he "may have developed a condition called IC (interstitial cystitis) and would need a procedure to fix it." *Id.*

Based on these allegations, Plaintiff contends Defendants' failure to provide him with adequate medical treatment violates his constitutional rights. As a result, Plaintiff primarily seeks compensatory and punitive damages. Compl. 6, ECF No. 1.

### III.     Plaintiff's Claims

#### A.     *Claims against the Georgia Department of Corrections*

Plaintiff first seeks to raise claims against the Georgia Department of Corrections. *See, e.g.,* Compl. 4, ECF No. 1. But the GDC itself is a state entity entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections . . . . This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."); *see also Will*, 491 U.S. at 70 (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983). Plaintiff's claims against the Department of Corrections are therefore subject to dismissal.[2]

#### B.     *Medical Treatment Claims*

The remaining Defendants in this action are prison physicians Ekwinife and Akunwanne, both of whom Plaintiff alleges were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an

---

[2] This analysis would also apply to the extent Plaintiff intended to raise a separate claim against the "Office of Health Services" within the Georgia Department of Corrections. *See* Compl. 4, ECF No. 1. Assuming such an office exists, it would also be a state entity entitled to Eleventh Amendment immunity.

7

attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

In this case, Plaintiff has alleged facts sufficient to show that he suffers from serious medical needs. At a minimum, Plaintiff alleges that the medical conditions from which he suffers, if left untreated, pose a significant risk of harm to him. *See, e.g.,* Compl. 7-8, ECF No. 1 (untreated polyps may cause ear, eye, and brain infections); *id.* (urologist indicating that Plaintiff may have developed condition for which procedure would be required). Plaintiff has also alleged facts sufficient at this early stage to show that the claims against Defendants Ekwinife and Akunwanne are not necessarily frivolous. Plaintiff alleges that both Defendants repeatedly failed to follow the recommendations of Plaintiff's ENT specialist, and he also alleges Defendants "ignored" Plaintiff's other issues (including his pain) and delayed treatment for months until another practitioner "immediately" referred Plaintiff to a specialist when she saw his condition. *Id.* at 8. Plaintiff's claims against these two Defendants shall therefore proceed for further factual development. *See, e.g., Perez v.*

8

*Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015) ("Allegations that a prison official refused to follow the advice of a medical specialist for a non-medical reason may at times constitute deliberate indifference." (collecting cases)).

## IV. Conclusion

In accordance with the foregoing, Plaintiff's pending motion for an order directing payment of the initial partial filing fee in this action (ECF No. 9) may be **TERMINATED as moot**, and Plaintiff's claims that Defendants Ekwinife and Akunwanne were deliberately indifferent to his serious medical needs shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against the Georgia Department of Corrections be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Ekwinife and Akunwanne, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 22nd day of August, 2023.

<u>s/ Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge